**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 12-49165 |
| | § | |
| ALEKSANDER BORON | § | |
| SYLWIA BORON | § | |
| | § | |
| Debtors | § | |

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 12/14/2012. The undersigned trustee was appointed on 12/14/2012.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                              $7,438.00

    Funds were disbursed in the following amounts:

    | | |
    |---|---|
    | Payments made under an interim distribution | $0.00 |
    | Administrative expenses | $0.00 |
    | Bank service fees | $29.86 |
    | Other Payments to creditors | $0.00 |
    | Non-estate funds paid to 3rd Parties | $0.00 |
    | Exemptions paid to the debtor | $178.27 |
    | Other payments to the debtor | $0.00 |
    | Leaving a balance on hand of[1] | $7,229.87 |

    The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)**

6. The deadline for filing non-governmental claims in this case was 08/07/2013 and the deadline for filing government claims was 08/07/2013. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,475.97. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,475.97, for a total compensation of $1,475.97[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $2.80, for total expenses of $2.80.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/24/2013    By: /s/ David P. Leibowitz
                         Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| | | | | |
|---|---|---|---|---|
| **Case No.:** | 12-49165-JPC | **Trustee Name:** | David Leibowitz |
| **Case Name:** | BORON, ALEKSANDER AND BORON, SYLWIA | **Date Filed (f) or Converted (c):** | 12/14/2012 (f) |
| **For the Period Ending:** | 10/24/2013 | **§341(a) Meeting Date:** | 02/07/2013 |
| | | **Claims Bar Date:** | 08/07/2013 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA) / Gross Value of Remaining Assets** |
| **Ref. #** | | | | | | |
| 1 | Real Property\r\nSingle Family Residence 7248 West 86th Street, 3B Bridgeview, IL 60455 | $50,000.00 | $0.00 | | $0.00 | FA |
| 2 | Woodhaven Association 509 LaMoille Road PO Box 110 Sublette, IL 61367-0110 Sect./Lot:100 TWP: 19 RNG/BLK:010 Woodhaven Lake Sect. 15 LT 168 BK 9808-2542 QCD | $5,000.00 | $2,434.36 | | $0.00 | FA |
| 3 | Funds in Debtor's possession | $100.00 | $100.00 | | $0.00 | FA |
| 4 | Funds in Debtor's bank | $200.00 | $200.00 | | $0.00 | FA |
| 5 | Furniture and appliances in Debtor's residence | $550.00 | $550.00 | | $0.00 | FA |
| 6 | Clothing | $200.00 | $200.00 | | $0.00 | FA |
| 7 | 2007 Mazda CXS (55,000) -$13,725.00 2002 Mitsubishi Lancer (104,000) - $700.00 | $14,425.00 | $0.00 | | $3,600.00 | FA |
| **Asset Notes:** | Debtor to pay equity on asset. | | | | | |
| 8 | Income Tax Refund | $3,838.00 | $3,838.00 | OA | $3,838.00 | FA |
| 9 | 2002 Mitsubishi Lancer (104,000) - $700.00 | $700.00 | $0.00 | | $0.00 | FA |

**TOTALS (Excluding unknown value)**                                                                                                                                      **Gross Value of Remaining Assets**

$75,013.00          $7,322.36                                    $7,438.00          $0.00

**Major Activities affecting case closing:**

| | |
|---|---|
| 02/15/2013 | Tax Intercepted |
| 02/15/2013 | Tax Intercept Completed |
| 03/27/2013 | Trustee requested the exemption be removed from the Trailer Lot; and to separate the exemptions and values for both vehicles (husband is only on title for the 2007 Mazda).  Also please schedule the 2012 tax refund and exempt if there are any exemptions left.  Also please send a copy of the auto statement for the 2007 Mazda. |
| | Amended amended schedules and auto statements to determine equity. |
| | 2007 Mazda CX-9 valued at $15,000.00 |
| | 2012 Tax Return $3838 |
| 04/19/2013 | Mazda |
| | Value $15000.00 |
| | Lien $6354.00 per schedule |
| | Exemptions $5012.00 |
| | |
| | Equity in Trailer Lot |
| | 1/3 value $5000.00 |
| | 1/3 Lien $2565.64 |
| | Equity $2434.96 |

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Page No: 2
Exhibit A

| Case No.: | 12-49165-JPC | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | BORON, ALEKSANDER AND BORON, SYLWIA | Date Filed (f) or Converted (c): | 12/14/2012 (f) |
| For the Period Ending: | 10/24/2013 | §341(a) Meeting Date: | 02/07/2013 |
| | | Claims Bar Date: | 08/07/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA) / Gross Value of Remaining Assets** |

06/17/2013   Motion to Turnover continued to 7/9/13 - Must prepare motion to sell estate's interest in 2007 Mazda - Debtor to pay $3,600.00 of non exempt equity - Called Debtor's attorney to determine when debtor will tender funds.

**Initial Projected Date Of Final Report (TFR):**   12/31/2014   /s/ DAVID LEIBOWITZ

**Current Projected Date Of Final Report (TFR):**   DAVID LEIBOWITZ

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 12-49165-JPC | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | BORON, ALEKSANDER AND BORON, SYLWIA | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***2104 | Checking Acct #: | ******6501 |
| Co-Debtor Taxpayer ID #: | **-***2105 | Account Title: | |
| For Period Beginning: | 12/14/2012 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 10/24/2013 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 05/15/2013 | (8) | United States Treasury | Tax Refund | 1124-000 | $3,838.00 | | $3,838.00 |
| 05/28/2013 | 3001 | ALEKSANDER BORON AND SYLWIA BORON | Entitled portion of tax refund. | 8100-002 | | $178.27 | $3,659.73 |
| 05/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $3.39 | $3,656.34 |
| 06/28/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $5.33 | $3,651.01 |
| 07/15/2013 | (7) | ALEKSANDER BORON | | 1129-000 | $3,600.00 | | $7,251.01 |
| 07/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $8.70 | $7,242.31 |
| 08/30/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $12.44 | $7,229.87 |
| | | | **TOTALS:** | | $7,438.00 | $208.13 | $7,229.87 |
| | | | Less: Bank transfers/CDs | | $0.00 | $0.00 | |
| | | | **Subtotal** | | $7,438.00 | $208.13 | |
| | | | Less: Payments to debtors | | $0.00 | $178.27 | |
| | | | **Net** | | $7,438.00 | $29.86 | |

| For the period of 12/14/2012 to 10/24/2013 | | For the entire history of the account between 05/15/2013 to 10/24/2013 | |
|---|---|---|---|
| Total Compensable Receipts: | $7,438.00 | Total Compensable Receipts: | $7,438.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $7,438.00 | Total Comp/Non Comp Receipts: | $7,438.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $29.86 | Total Compensable Disbursements: | $29.86 |
| Total Non-Compensable Disbursements: | $178.27 | Total Non-Compensable Disbursements: | $178.27 |
| Total Comp/Non Comp Disbursements: | $208.13 | Total Comp/Non Comp Disbursements: | $208.13 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| **Case No.** | 12-49165-JPC | |
| **Case Name:** | BORON, ALEKSANDER AND BORON, SYLWIA | |
| **Primary Taxpayer ID #:** | **-***2104 | |
| **Co-Debtor Taxpayer ID #:** | **-***2105 | |
| **For Period Beginning:** | 12/14/2012 | |
| **For Period Ending:** | 10/24/2013 | |

| | |
|---|---|
| **Trustee Name:** | David Leibowitz |
| **Bank Name:** | Green Bank |
| **Checking Acct #:** | ******6501 |
| **Account Title:** | |
| **Blanket bond (per case limit):** | $5,000,000.00 |
| **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
| | | $7,438.00 | $208.13 | $7,229.87 |

**For the period of 12/14/2012 to 10/24/2013**

| | |
|---|---|
| Total Compensable Receipts: | $7,438.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $7,438.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $29.86 |
| Total Non-Compensable Disbursements: | $178.27 |
| Total Comp/Non Comp Disbursements: | $208.13 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the case between 12/14/2012 to 10/24/2013**

| | |
|---|---|
| Total Compensable Receipts: | $7,438.00 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $7,438.00 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $29.86 |
| Total Non-Compensable Disbursements: | $178.27 |
| Total Comp/Non Comp Disbursements: | $208.13 |
| Total Internal/Transfer Disbursements: | $0.00 |

/s/ DAVID LEIBOWITZ

DAVID LEIBOWITZ

Exhibit D

**TRUSTEE'S PROPOSED DISTRIBUTION**

Case No.: 12-49165
Case Name: ALEKSANDER BORON
 SYLWIA BORON
Trustee Name: David P. Leibowitz

Balance on hand: $7,229.87

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors: $0.00
Remaining balance: $7,229.87

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| David P. Leibowitz, Trustee Fees | $1,475.97 | $0.00 | $1,475.97 |
| David P. Leibowitz, Trustee Expenses | $2.80 | $0.00 | $2.80 |
| Lakelaw, Attorney for Trustee Fees | $2,517.50 | $0.00 | $2,517.50 |
| Lakelaw, Attorney for Trustee Expenses | $10.12 | $0.00 | $10.12 |

Total to be paid for chapter 7 administrative expenses: $4,006.39
Remaining balance: $3,223.48

Applications for prior chapter fees and administrative expenses have been filed as follows:
NONE

Total to be paid to prior chapter administrative expenses: $0.00
Remaining balance: $3,223.48

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

Total to be paid to priority claims: $0.00

**UST Form 101-7-TFR (5/1/2011)**

|                              | Remaining balance: | $3,223.48 |
|---|---|---|

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $31,172.31 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 10.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Capital One Bank (USA), N.A. | $1,996.02 | $0.00 | $206.40 |
| 2 | FIA CARD SERVICES, N.A. | $13,287.46 | $0.00 | $1,374.04 |
| 3 | American Express Centurion Bank | $12,758.06 | $0.00 | $1,319.29 |
| 4 | PNC BANK | $2,622.40 | $0.00 | $271.18 |
| 5 | PNC BANK | $508.37 | $0.00 | $52.57 |

|  | Total to be paid to timely general unsecured claims: | $3,223.48 |
|---|---|---|
|  | Remaining balance: | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

|  | Total to be paid to tardily filed general unsecured claims: | $0.00 |
|---|---|---|
|  | Remaining balance: | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

|  | Total to be paid for subordinated claims: | $0.00 |
|---|---|---|
|  | Remaining balance: | $0.00 |

**UST Form 101-7-TFR (5/1/2011)**

**UST Form 101-7-TFR (5/1/2011)**